**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**GULFPORT DIVISION**

| | |
|---|---|
| In re: | Case No.: 25-50738-KMS |
| Annette White Dixon and Gerald Edward Dixon, | Chapter: 13 |
| Debtors. | |

**OBJECTION OF EXETER FINANCE, LLC TO**
**CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN**

Exeter Finance LLC ("Movant"), a secured creditor herein, by and through its undersigned attorney, files its objection to confirmation of the proposed plan and states as follows:

1. On May 20, 2025, Annette White Dixon and Gerald Edward Dixon (the "Debtors") filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code (the "Petition Date").

2. This Court has jurisdiction of the parties and the subject matter pursuant to 28 U.S.C. §§157, 1334 and 11 U.S.C. § 1324.

3. On November 10, 2023, Debtors executed and delivered that certain Retail Installment Sale Contract (the "Note"), which was assigned to MOVANT, for the purchase 2018 Chevrolet Silverado 1500 bearing Vehicle Identification Number 3GCPCREC5JG118930 (the "Collateral"). A true and correct copy of the Note is attached hereto as **Exhibit "A."**

4. In order to secure its purchase money security interest evidenced by the Note, Movant recorded its lien by notating the Title (the "Title"), a true and correct copy of which is attached hereto as **Exhibit "B."**

5. On May 20, 2025, the Debtors filed a Chapter 13 Plan (Dkt. 2) (the "Plan").

6. Movant has a secured 910 claim in the amount of $21,170.94, filed in this matter as Claim 2-1 ("MOVANT'S CLAIM").

7.  The Plan properly calls to properly value Movant's 910 claim, with the claim amount listed in MOVANT's Proof of Claim controlling over any contrary amount listed in Debtors' Plan, but fails to provide for the proper treatment of Movant's Claim based on the fact that the Plan does not provide adequate assurance of lien retention as to the Collateral.

8.  The Plan has not been accepted by Movant pursuant to 11 U.S.C. § 1325(a)(5)(A).

9.  Movant demands that the Plan be amended to include the following language: "Exeter Finance LLC's lien shall be retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under 1328."

WHEREFORE, Exeter Finance LLC requests this Court to deny confirmation of the Plan and for such further relief as this Court deems appropriate.

Dated this 16th day of June, 2025.

*/s/ Christopher D. Meyer*
Christopher D. Meyer, Esq. (MSB 103467)
*Attorney for Exeter Finance LLC*

OF COUNSEL:
BURR & FORMAN LLP
The Pinnacle at Jackson Place
190 E Capitol Street, Suite M-100
Jackson, MS 39201
Telephone: (601) 355-3434
Facsimile: (601) 355-5150
cmeyer@burr.com

## **CERTIFICATE OF SERVICE**

HEREBY CERTIFY that a copy of the foregoing has been served on this 16th day of June, 2025, either by electronic transmission or by United States first class mail postage prepaid to the following:

**Debtors:**
Annette White Dixon
225 Southgate Rd
Hattiesburg, MS 39401

Gerald Edward Dixon
225 Southgate Rd
Hattiesburg, MS 39401

**Counsel for the Debtors:**
Thomas Carl Rollins, Jr
The Rollins Law Firm, PLLC
PO BOX 13767
Jackson, MS 39236

**Trustee:**
David Rawlings
Chapter 13 Trustee
P.O. Box 566
Hattiesburg, MS 39403

**U.S. Trustee:**
U. S. Trustee
501 East Court Street, Suite 6-430
Jackson, MS 39201

                        */s/ Christopher D. Meyer*
                        OF COUNSEL

61296914 v1