## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

**IN RE:**   **Annette White Dixon**           **Case No. 25-50738-KMS**
         **Gerald Edward Dixon, Debtors**           **CHAPTER 13**

### NOTICE

Debtors have filed papers with the court to Modify their Chapter 13 Bankruptcy Plan. **Your rights may be affected.  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to Modify the plan, or if you want the court to consider your views on the Plan, then on or before 30 days, you or your attorney must:

File with the court a written request for a hearing at:

U.S. Bankruptcy Clerk
U.S. Bankruptcy Court
Thad Cochran United States Courthouse
501 E. Court St., Ste 2.300
Jackson, MS 39201

If you mail your request to the court for filing, you must mail it early enough so the court will **receive** it on or before the date state above.

You must also mail a copy to the debtors' attorney:

The Rollins Law Firm, PLLC
P.O. Box 13767
Jackson, MS 39236
(601) 500-5533

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Plan and may enter an order granting that relief, which shall confirm this Modified Plan.

Date: July 3, 2025       Signature:   /s/ Thomas C. Rollins, Jr.
                              Thomas C. Rollins, Jr. (MSBN 103469)
                              Jennifer Ann Curry Calvillo (MSBN 104367)
                              The Rollins Law Firm, PLLC
                              P.O. Box 13767
                              Jackson, MS 39236

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Annette White Dixon** |
| | Full Name (First, Middle, Last) |
| Debtor 2 | **Gerald Edward Dixon** |
| (Spouse, if filing) | Full Name (First, Middle, Last) |

United States Bankruptcy Court for the   **SOUTHERN DISTRICT OF MISSISSIPPI**

Case number:   **25-50738**
(If known)

☑ Check if this is an amended plan, and list below the sections of the plan that have been changed.
**2.2, 3.2, 3.3**

# Chapter 13 Plan and Motions for Valuation and Lien Avoidance          12/17

---

| **Part 1:** | **Notices** |
|---|---|

**To Debtors:**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable. The treatment of ALL secured and priority debts must be provided for in this plan.

In the following notice to creditors, you must check each box that applies

**To Creditors:**   **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation on or before the objection deadline announced in Part 9 of the Notice of Chapter 13 Bankruptcy Case (Official Form 309I). The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

The plan does not allow claims. Creditors must file a proof of claim to be paid under any plan that may be confirmed.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |

| **Part 2:** | **Plan Payments and Length of Plan** |
|---|---|

**2.1      Length of Plan.**

The plan period shall be for a period of __**60**__ months, not to be less than 36 months or less than 60 months for above median income debtor(s). If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2      Debtor(s) will make payments to the trustee as follows:**

Debtor shall pay __**$1,655.83**__ (☑ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the debtor's employer at the following address:

**Direct.**

| Debtor | **Annette White Dixon** | Case number | **25-50738** |
|---|---|---|---|
| | **Gerald Edward Dixon** | | |

Joint Debtor shall pay _____ (☐ monthly, ☐ semi-monthly, ☐ weekly, or ☐ bi-weekly) to the chapter 13 trustee. Unless otherwise ordered by the court, an Order directing payment shall be issued to the joint debtor's employer at the following address:

_____
_____
_____

**2.3**      **Income tax returns/refunds.**

*Check all that apply*

☑ Debtor(s) will retain any exempt income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all non-exempt income tax refunds received during the plan term.

☐ Debtor(s) will treat income refunds as follows: _____

**2.4 Additional payments.**
*Check one.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**Part 3:    Treatment of Secured Claims**

**3.1**      **Mortgages. (Except mortgages to be crammed down under 11 U.S.C. § 1322(c)(2) and identified in § 3.2 herein.).**

*Check all that apply.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.1(a)**    **Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

☐

**-NONE-**   Mtg pmts to

Beginning _____ @ _____ Plan    Direct.    Includes escrow Yes No

**-NONE-**   Mtg arrears to _____ Through _____

**3.1(b)** ☐    **Non-Principal Residence Mortgages:** All long term secured debt which is to be maintained and cured under the plan pursuant to 11 U.S.C. § 1322(b)(5) shall be scheduled below. Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor, subject to the start date for the continuing monthly mortgage payment proposed herein.

Property   **-NONE-** address: _____

Mtg pmts to
Beginning   month _____ @ _____ Plan    Direct.    Includes escrow Yes No

Property **-NONE-**   Mtg arrears to _____ Through _____

**3.1(c)** ☑    **Mortgage claims to be paid in full over the plan term:** Absent an objection by a party in interest, the plan will be amended consistent with the proof of claim filed by the mortgage creditor.

| Creditor: | **Vanderbilt Mortgage** | Approx. amt. due: | **$16,987.16** | Int. Rate*: | **10.00%** |
|---|---|---|---|---|---|

Property Address:    **225 Southgate Rd Hattiesburg, MS 39401  Forrest County mobile home only**

Principal Balance to be paid with interest at the rate above:   **$16,987.16**
(as stated in Part 2 of the Mortgage Proof of Claim Attachment)
Portion of claim to be paid without interest: $ _____
(Equal to Total Debt less Principal Balance)

Debtor   **Annette White Dixon**
         **Gerald Edward Dixon**          Case number   **25-50738**

Special claim for taxes/insurance: $ _____ **-106.19-** /month, beginning   **June 2025**
(as stated in Part 4 of the Mortgage Proof of Claim Attachment)

\* Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District
*Insert additional claims as needed.*

**3.2**   **Motion for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one..*

☑   **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**   **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
☐   **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑   The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Collateral | Amount of claim | Interest rate* |
|---|---|---|---|
| Exeter Finance LLC | 2018 Chevrolet Silverado 135000 miles | $21,170.94 | 10.00% |
| ***Hattiesburg Finance | PMSI 2024 Mississippi AG mower, utility trailer, pressure washer | $8,450.30 | 10.00% |
| Santander Consumer USA | 2020 Nissan Rogue 42000 miles | $13,636.32 | 10.00% |

*Unless otherwise ordered by the court, the interest rate shall be the current Till rate in this District.

*Insert additional claims as needed.*

**3.4**   **Motion to avoid lien pursuant to 11 U.S.C. § 522.**

*Check one.*
☑   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5**   **Surrender of collateral.**

*Check one.*
☑   **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**Part 4:**   **Treatment of Fees and Priority Claims**

**4.1**   **General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2**   **Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case.

**4.3**   **Attorney's fees.**

☑ No look fee:   **4,600.00**

Total attorney fee charged:   $**4,600.00**

**Mississippi Chapter 13 Plan**                                   Page 3

| Debtor | **Annette White Dixon** | Case number | **25-50738** |
|---|---|---|---|
| | **Gerald Edward Dixon** | | |

Attorney fee previously paid:    $**227.00**

Attorney fee to be paid in plan per
confirmation order:    $**4,373.00**

☐ Hourly fee: $_____.  (Subject to approval of Fee Application.)

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐    **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑    Internal Revenue Service    **$922.00**    .
☐    Mississippi Dept. of Revenue    **$0.00**    .
☐    Other    **$0.00**    .

**4.5**    **Domestic support obligations.**

☑    **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

| Part 5: | **Treatment of Nonpriority Unsecured Claims** |
|---|---|

**5.1**    **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
☐    The sum of $
☑    **0.00**    % of the total amount of these claims, an estimated payment of $   **0.00**
☑    The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $**0.00**
Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2**    **Other separately classified nonpriority unsecured claims (special claimants).** *Check one*.

☑    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

| Part 6: | **Executory Contracts and Unexpired Leases** |
|---|---|

**6.1**    **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☑    **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | **Vesting of Property of the Estate** |
|---|---|

**7.1**    **Property of the estate will vest in the debtor(s) upon entry of discharge.**

| Part 8: | **Nonstandard Plan Provisions** |
|---|---|

**8.1**    **Check "None" or List Nonstandard Plan Provisions**
☑    **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

| Part 9: | **Signatures:** |
|---|---|

**9.1**    **Signatures of Debtor(s) and Debtor(s)' Attorney**

Debtor      **Annette White Dixon**
            **Gerald Edward Dixon**                            Case number      **25-50738**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below. If the Debtor(s) do not have an attorney, the Debtor(s) must provide their*
*complete address and telephone number.*

X   **/s/ Annette White Dixon**                              X   **/s/ Gerald Edward Dixon**
    **Annette White Dixon**                                      **Gerald Edward Dixon**
    Signature of Debtor 1                                        Signature of Debtor 2

    Executed on      **June 30, 2025**                           Executed on      **June 30, 2025**

    **225 Southgate Rd**                                         **225 Southgate Rd**
    Address                                                      Address
    **Hattiesburg MS 39401-0000**                                **Hattiesburg MS 39401-0000**
    City, State, and Zip Code                                    City, State, and Zip Code

    Telephone Number                                             Telephone Number

X   **/s/ Thomas C. Rollins, Jr.**                           Date      **June 30, 2025**
    **Thomas C. Rollins, Jr. 103469**
    Signature of Attorney for Debtor(s)
    **P.O. Box 13767**
    **Jackson, MS 39236**
    Address, City, State, and Zip Code
    **601-500-5533**                                             **103469 MS**
    Telephone Number                                             MS Bar Number
    **trollins@therollinsfirm.com**
    Email Address

<u>CERTIFICATE OF SERVICE</u>

I, Thomas C. Rollins, Jr., do hereby certify that a true and correct copy of the above and foregoing Notice and Modified Plan was forwarded on July 3, 2025, to:

By First Class U.S. Mail, Postage Prepaid:


Hattiesburg Finance Co.
1910 Hardy St. Ste. #30
Hattiesburg, MS  39401

By Electronic CM/ECF Notice:

Standing Chapter 13 Case Trustee

U.S. Trustee


<u>/s/ Thomas C. Rollins, Jr.</u>
Thomas C. Rollins, Jr.